Adam B. Nach – 013622
Jonathan Simon – 029750
**LANE & NACH, P.C.**
2001 E Campbell Avenue, Suite 103
Phoenix, AZ 85016
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003
Email: adam.nach@lane-nach.com
Email: jonathan.simon@lane-nach.com

*Attorneys for Diane M. Mann, Trustee*

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>MICHAEL EDMOND BURKE,<br><br>Debtor.<br><br>DIANE M. MANN, CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br><br>vs.<br><br>ANDRA FAIR and JANE DOE FAIR, spouses,<br><br>Defendants. | (Chapter 7 Case)<br><br>No. 2:17-bk-13968-EPB<br><br>*Adv. No.*<br><br>**COMPLAINT**<br><br>**COUNT I: BREACH OF CONTRACT AND TURNOVER OF ESTATE PROPERTY**<br>**(11 U.S.C. §§ 541 and 542)**<br><br>**COUNT II: FRAUDULENT TRANSFER**<br>**(11 U.S.C. §§ 544, 550, 551 and A.R.S. § 44-1001 et . seq.)** |

Diane M. Mann, Chapter 7 Trustee and Plaintiff ("**Plaintiff**"), by and through her counsel, Lane & Nach, P.C., for her Complaint against Andra Fair ("**Defendant**"), respectfully alleges as follows:

**I. JURISDICTION AND VENUE**

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157(b).

2. Plaintiff consents to the jurisdiction of this Court pursuant to Fed.R.Bankr.P. 7008.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1409.

4. Pursuant to Fed. R. Bankr. P. 7001, a proceeding to recover money or property is governed by Part VII of the Federal Rules of Bankruptcy Procedure.

5. Plaintiff is permitted to commence this adversary proceeding on behalf of the Estate pursuant to Federal Rules of Bankruptcy Procedure, Rule 6009.

6. This case was commenced by voluntary petition filed by Michael Edmond Burke ("**Debtor**") under Chapter 7 of Title 11 on November 27, 2017 ("**Petition Date**").

7. Plaintiff is the duly appointed and acting Trustee of the Chapter 7 Estate.

8. Upon information and belief, Defendant and Jane Doe Fair are husband and wife, and at all times relevant herein, Defendant acted on behalf of his marital community. When the true identity of Jane Doe Fair is ascertained, Plaintiff will seek leave of the Court to amend this Complaint regarding the same.

9. Upon information and belief, all events complained of herein occurred in this District.

## GENERAL ALLEGATIONS

10. Upon information and belief, in June 2014 Defendant was the owner and operator of a health and fitness center known as F-H Fitness Center of Vistancia (the "**Fitness Center**").

11. Pursuant to Debtor's testimony at the Fed. R. Bankr. P. Rule 2004 examination on February 8, 2018, on or about June 2014 Defendant solicited a loan from Debtor to expand the Fitness Center.

12. Pursuant to the documents and information provided to Plaintiff, on or about June 11, 2014 Debtor and Defendant executed a Convertible Promissory Note ("**Note**").

13. Pursuant to the terms of the Note, Debtor agreed to loan the sum of Forty Thousand Dollars ($40,000.00) to Defendant.

14. In exchange, Defendant agreed to repay the total amount of Forty-Eight Thousand Dollars ($48,000.00) by December 17, 2014.

15. Defendant also agreed to transfer ownership of twelve percent (12%) of the Fitness Center and one percent (1%) of the Fitness Center's credit card processing profits, to Debtor.

16. Debtor transferred the sum of Forty-Thousand Dollars ($40,000.00) to Defendant on June 11, 2014 ("**Transfer**").

17. Defendant subsequently defaulted under the terms of the Note and has failed to repay the principal balance or any interest on the Note.

18. The amount of $48,000.00 remains due and owing under the Note.

19. Plaintiff has been informed that the Fitness Center is no longer operating.

20. Plaintiff asserts that the ability to collect on the liquidated debt owed to Debtor is property of the Estate pursuant to 11 U.S.C. § 541, and such funds should be turned over to Plaintiff pursuant to 11 U.S.C. § 542.

21. Moreover, as this matter relates out of contract, Plaintiff is entitled to her reasonable attorneys' fees and costs as a result of Defendant's breach.

22. In the alternative, Plaintiff asserts that Debtor received less than reasonably equivalent value in exchange for the Transfer, and the Transfer was made while Debtor was insolvent.

23. Therefore, the Transfer is avoidable and recoverable from Mrs. Roberts pursuant to 11 U.S.C. §§ 544, 550, 551 and A.R.S. § 44-1001 et seq.

24. Despite demand, Defendant has failed to turnover the funds owed to Plaintiff.

## I. FIRST CAUSE OF ACTION – Breach of Contract and Turnover of Estate Property

### (11 U.S.C. §§ 541 & 542)

25. Plaintiff hereby repeats, reiterates and realleges all of the foregoing allegations as are more fully set forth herein.

26. Pursuant to 11 U.S.C. § 541, all property of the Debtor, including any liquidated debts owed to him, became property of the Estate pursuant to 11 U.S.C. § 541.

27. Pursuant to 11 U.S.C. § 542, Plaintiff is entitled to an Order of this Court requiring Defendant to turn over the balance due under the Note in the amount of $48,000.00.

28. Despite demand, Defendant has failed and refused to turn over the funds to the Trustee.

29. Because this cause of action arises out of a contract, Plaintiff is entitled to recover her reasonable attonreys' fees incurred in bringing this action pursuant to A.R.S. § 12-341.01.

30. Plaintiff is entitled to her reasonable attorneys' fees and costs pursuant to A.R.S. § 12-341.

WHEREFORE, Plaintiff prays that the Court enter a judgment against Andra Fair and Jane Doe Fair, jointly and severally, as follows:

A. Ordering defendants to immediately turnover the amount of $48,000.00 to Plaintiff;

B. For Plaintiff's reasonable attorneys' fees incurred in the amount of not less than $1,000.00, as well as all of Plaintiff's reasonable attorneys' fees moving forward;

C. For Plaintiff's reasonable costs incurred;

D. For interest at the highest rate allowed by law from the date of judgment until paid in full; and

E. For such other and further relief as the Court may deem just and appropriate.

**II. SECOND CAUSE OF ACTION - Avoidance and Recovery of Fraudulent Transfers**

**(11 U.S.C. §§ 544, 550, 551 and A.R.S. § 44-1001 et seq.)**

31. Plaintiff hereby repeats, reiterates and realleges all of the foregoing allegations as if more fully set forth herein.

32. Pursuant to 11 U.S.C. § 544(b), Plaintiff may avoid certain transfers of interests of the Debtor in property or certain obligations incurred by the debtor that are voidable under applicable state law.

33. Pursuant to A.R.S. § 44-1009, Plaintiff may avoid certain transfers made or obligations incurred within four (4) years of the Petition Date.

34. Upon information and belief, during the four (4) years immediately preceding the Petition Date; Defendant may have been the recipient of other transfer(s) from the Debtor (or the benefit of such transfer(s)) by cash, checks, wire transfers or other bank transfers. To the extent such additional transfer(s) are discovered the same are incorporated as if more fully set forth herein.

35. The Transfer constitutes a transfer of an interest of the Debtor pursuant to 11 U.S.C. § 101(54) and A.R.S. § 44-1001(9).

36. Pursuant to Debtor's Schedules of Assets and Liabilities, Debtor had assets in the amount of $47,321.17 and liabilities in the amount of $75,241.58 on the Petition Date.

37. Plaintiff therefore alleges that Debtor was insolvent when the Transfer was made or became insolvent as a result of the Transfer pursuant to A.R.S. § 44-1002.

38. Debtor received no value or less than reasonably equivalent value for the Transfers pursuant to A.R.S. § 44-1004 and 1005 and Debtor either (a) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the

business or transaction, or (b) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond its ability to pay as they became due.

39. Plaintiff may recover the equivalent value of the Transfer from Defendant as the initial transferee and beneficiary of the Transfer pursuant to 11 U.S.C. § 550.

40. Pursuant to 11 U.S.C. § 551, upon avoidance the Transfer is preserved for the benefit of the Estate.

WHEREFORE, Plaintiff prays for a judgment against Andra Fair and Jane Doe Fair, jointly and severally, as follows:

A. Avoiding the Transfer pursuant to 11 U.S.C. § 544 and A.R.S. § 44-1001;

B. Directing Defendant to turn over the equivalent value of theTransfer in the amount of $40,000.00 pursuant to 11 U.S.C. § 550;

C. Preserving the Transfer for the benefit of the bankruptcy estate pursuant to 11 U.S.C. §551;

D. For interest on said sum from the earliest date allowed by law and until paid at the highest rate allowed by law; and

E. For such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 2nd day of April, 2018.

**LANE & NACH, P.C.**

By: */s/ Adam B. Nach - 013622*
    Adam B. Nach
    Jonathan C. Simon
    *Attorneys for Plaintiff*